

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor, Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. O-5889
Re: Ex-officio compensation
of Justices of the Peace
and Constables, and a
related question.

Your letter of February 11, 1944, requesting the opinion of this department on the questions stated reads, in part, as follows:

"Complying with a request of the Commissioners Court I will appreciate your opinion on ex-officio compensation or salary under the following conditions:

"Our County officials are on a Salary basis and Constables and Justices of the Peace are on a fee basis. For the past several years the Constables have drawn an ex-officio or salary each month in addition to the fees they earn and retain. The Justice of the Peace of Precinct No. 1 is being allowed in addition to fees earned and retained an ex-officio or salary not to exceed $40.00 per month, that is if he fails to earn fees in the amount of $100.00 per month the County pays the difference so long as such difference does not exceed $40.00 per month — examples as follows:

| | | |
|---|---|---|
| "Fees for month | - | $60.00 |
| "Ex-officio paid by the County | | 40.00 |
| | | 100.00 |
| "Fees for month | | 70.00 |
| "Ex-officio paid by county | | 30.00 |
| | | 100.00 |
| "Fees for month | | 45.00 |
| "Ex-officio paid by county | | 40.00 |
| | | 85.00 |

"The Constables are paid a certain sum each month regardless of the amount of fees they earn and retain."

"Now, questions are as follows:

"1. Can the Commissioners Court legally allow an ex-officio or salary to supplement fees earned and retained by a Justice of the Peace in Hill County?

"2. Can the Commissioners Court legally allow an ex-officio or salary to supplement fees earned and retained by a Constable in Hill County?

"3. Can the County Auditor approve ex-officio or salaries to supplement fees that are earned and retained by Constables and Justices of the Peace in Hill County?"

On several occasions this department has had under consideration questions identical with the first two questions presented in your inquiry. In Conference Opinion No. 2166, Biennial Reports of the Attorney General of Texas, 1918-1920, page 570, this department held, among other things, that justices of the peace and constables are county officials within the meaning of Article 3893 (now Article 3895) and, as such, the Commissioners' Courts may allow them ex-officio compensation when such officers render to the County ex-officio services.

On November 9, 1928, Honorable H. Grady Chandler, Assistant Attorney General, rendered an opinion holding that justices of the peace may be paid ex-officio compensation.

In Opinions No. 0-125 and 0-5470, this department held that the Commissioners' Court of Pecos County and the Commissioners' Court of Midland County could by complying with the provisions of Article 3895, Vernon's Annotated Civil Statutes, allow ex-officio compensation to justices of the peace for ex-officio services rendered by them. We are enclosing copies of these two opinions herewith.

In Opinions No. 0-132, 0-417 and 0-4302, this department held that a Commissioners' Court may, in its discretion, allow an ex-officio compensation to constables who do not receive the maximum fees of office allowed by law, provided that the provisions of Article 3895, Vernon's Annotated Civil Statutes, are complied with.

In answer to your first two questions, you are respectfully advised that it is the opinion of this department that the Commissioners' Court of Hill County can legally allow ex-officio compensation to justices of the peace and constables in said county where such precinct officers are compensated on a fee basis, provided such precinct officials do not receive the maximum fees of office as allowed by the applicable statute, and, further provided that the provisions of Article 3895, supra, are complied with. Whether the Commissioners' Court allows ex-officio compensation to justices of the peace and constables of Hill County, who are compensated on a fee basis, is solely within the discretion of the Commissioners' Court. Stated another way, it is our opinion that the Commissioners' Court of Hill County is legally authorized to allow ex-officio compensation to justices of the peace and constables of said county who are compensated on a fee basis, who render ex-officio services to the County when such officials do not receive the maximum fees of office allowed by law.

In connection with the foregoing statement, it should be borne in mind when the Commissioners' Court allows ex-officio compensation under Article 3895, supra, such compensation when added to the undisputed fees allowed and retained under Article 3883, cannot exceed the maximum expressed in Article 3891, Vernon's Annotated Civil Statutes.

In view of what has heretofore been said in answer to your first two questions, it necessarily follows that your third question must be answered in the affirmative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED MAR 2, 1944

Acting ATTORNEY GENERAL OF TEXAS

AW:EP

Encl.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN